UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL W. MOON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:25-CV-00036-NCC |
| | ) |
| DOMINICK PRICE and SAMANTHA FAVELL, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on the motion of self-represented Plaintiff Darnell W. Moon for leave to commence this civil action without payment of the required filing fee. After reviewing Plaintiff's financial information, the Court grants the motion. Also, the Court will direct Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

This case involves a dispute between Plaintiff and Defendants arising out of the possession of Plaintiff's personal property during his recent incarceration. Plaintiff asked Defendants to hold his property while he served a 10-month prison sentence. Upon his release on November 15, 2024, Plaintiff contacted Defendants seeking the return of his property. Defendants have not returned the property, and Plaintiff suspects they sold it. Plaintiff has filed this action alleging eight Missouri state law claims including conversion, negligence, trespass to chattles, and civil conspiracy. He alleges federal subject matter jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal courts are courts of limited

jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enters. Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). The statute conferring diversity jurisdiction in federal court is to be strictly construed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992).

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, the complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

"For purposes of federal jurisdiction, domicile and citizenship are synonymous terms." *Wagstaff & Cartmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022). For purposes of determining diversity of citizenship, "the controlling consideration is the domicile of the individual." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977). A plaintiff may establish domicile by being physically present in a state with the intent to make his home there indefinitely. *Id.* Intent may be established by "declarations, exercise of civil and political rights, payment of taxes, obtaining licenses, location of business or occupation, and ownership of property." *Wagstaff*, 40 F.4th at 839-40 (internal quotations omitted). "A litigant's self-serving statements of intention are entitled little weight when in conflict with facts." *Id.* at 840 (internal quotations omitted).

Plaintiff has not included his mailing address on his pleadings. He has filed a motion to file his current address under seal, but he has not disclosed this address to the Court. He states that he has "had to move to Tennessee to stay with his family, for the time being, as he fears for his safety, and receives mail at family and friends' homes in Missouri." ECF No. 1 at 28. In his application to proceed without paying fees, he states that he is homeless in Missouri and Illinois. *See* ECF No. 3 at 2. On the form complaint, he has filled in the blank indicating that his state of citizenship is Illinois. In his criminal case in this Court, *United States v. Moon*, No. 4:23-cr-365-AGF-1, however, his personal data lists a residential address in Missouri. *Id.* at ECF No. 23.

On February 2, 2024, he was sentenced to 10 months' imprisonment, and housed at FCI Yazoo City in Mississippi. Prior to that, however, Plaintiff was domiciled in Missouri. He states that he received an Emergency Housing Choice Voucher through the East Missouri Action Agency in Park Hills, Missouri and lived in an apartment in Farmington, Missouri. *See* ECF No. 1 at 14 and 17; *see also United States v. Moon*, 4:23-cr-365-AGF-1 at ECF No. 24-1 at 10 (letter dated March 19, 2024 from East Missouri Action Agency indicating Plaintiff was living in Farmington, Missouri immediately prior to his incarceration). Once an individual establishes his state of citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship. *See Altimore v. Mount Mercy College*, 420 F.3d 763, 769 (8th Cir. 2005). Unless a prisoner can show "truly exceptional circumstances," there is a presumption that a prisoner does not acquire a new domicile when he is incarcerated in a different state. Instead, he retains the domicile he had prior to incarceration. *See Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977).

Based on the facts alleged in his complaint, Plaintiff was domiciled in Missouri prior to his recent incarceration. His personal property was located in Missouri and he received mail

-3-

there. Since his incarceration, it does not appear that he has acquired a new domicile, although he states that "for the time being," he is staying with family in Tennessee. He has indicated no intent to stay in Tennessee, and his mail is being delivered to family and friends in Missouri. While Plaintiff has filled in the blank on the form complaint indicating he is a citizen of Illinois, this is contradicted by his application to proceed without prepaying fees and costs where he states he has been homeless in Illinois and Missouri. Because it appears Plaintiff is a citizen of Missouri and Defendants are both citizens of Missouri, the Court would not have diversity jurisdiction over Plaintiff's claims.

Furthermore, Plaintiff bears the burden of establishing that the amount in controversy exceeds $75,000. *See OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 347 (8th Cir. 2007). To determine the amount in controversy, courts look to the claims alleged in the complaint and assess what damages the plaintiff could potentially recover on those claims. *Id.* Although Plaintiff alleges an amount in controversy of $1,265,000 on his form complaint, the Court finds this amount implausible. He has listed his allegedly stolen possessions as being a 2003 Hyundai Santa Fe, furniture and electronics valued at $14,500, and miscellaneous personal items. *See* ECF No. 1-1 at 2-3. Although he also seeks punitive damages, which are included in the amount in controversy, "the existence of the required amount must be supported by competent proof." *OnePoint*, 486 F.3d at 348. Plaintiff seeks punitive damages of $3.5 million dollars, but has not supplied any proof that a punitive damages award would equal nearly this amount. Therefore, the Court cannot find that Plaintiff has met his burden of establishing that the amount in controversy meets the jurisdictional requirement of $75,000.

Plaintiff bears the burden of establishing diversity jurisdiction. Based on Plaintiff's allegations, it appears that both he and Defendants are citizens of Missouri for purposes of

diversity jurisdiction. Additionally, Plaintiff has not plausibly alleged that the amount in controversy will exceed the jurisdictionally required amount of $75,000. As a result, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that Plaintiff must show cause in writing, no later than twenty-one days from the date of this Order, why this action should not be dismissed for lack of federal subject matter jurisdiction.

**IT IS FURTHER ORDERED** that if Plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 27th day of March, 2025.

_____
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE